U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 NOV 21 PM 1:00

CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

GLENDA JIMMO, et al., )
)
Plaintiffs, )
)
v. ) Case No. 5:11-cv-17
)
)
SYLVIA MATHEWS BURWELL, Secretary )
of Health and Human Services, )
)
Defendant. )

**OPINION AND ORDER
REJECTING IN PART LANGUAGE APPEARING ON *JIMMO* WEBPAGE**
(Docs. 124 & 125)

This matter comes before the court to determine whether Defendant has deviated from the Corrective Statement the court ordered Defendant to post on its *Jimmo* website to address certain erroneous information Defendant had disseminated as part of the Educational Campaign it was required to undertake pursuant to a Settlement Agreement dated October 16, 2012 which was accepted by the court on January 24, 2013 and for which it retained certain enforcement jurisdiction.

The court adopts the factual and procedural background set forth in its Opinion and Order Adopting Defendant's Corrective Action Plan and Mandating Two Additional Requirements (Doc. 115) dated February 1, 2017 (the "Corrective Action Order") wherein it ordered Defendant to make a corrective statement after considering the competing statements proposed by the parties. Although Defendant makes much of the fact that the Settlement Agreement did not require Defendant to create a *Jimmo* webpage,

when Defendant proposed this corrective action and the court adopted that proposal, it became a court order which Defendant was not then free to disregard. *See Maness v. Meyers*, 419 U.S. 449, 459 (1975) ("[O]nce the court has ruled, counsel and others involved in the action must abide by the ruling and comply with the court's orders" or risk being found in contempt and "exposed to sanctions").

Thereafter, the parties agreed to revised language which the court adopted. The Corrective Statement ordered by the court was as follows:

> The Centers for Medicare & Medicaid Services (CMS) reminds the Medicare community of the *Jimmo* Settlement Agreement (January 2013), which clarified that the Medicare program covers skilled nursing care and skilled therapy services under Medicare's skilled nursing facility, home health, and outpatient therapy benefits when a beneficiary needs skilled care in order to maintain function or to prevent or slow decline or deterioration (provided all other coverage criteria are met). Specifically, the *Jimmo* Settlement Agreement required manual revisions to restate a "maintenance coverage standard" for both skilled nursing and therapy services under these benefits:
>
>> Skilled nursing services would be covered where such skilled nursing services are necessary to maintain the patient's current condition or prevent or slow further deterioration so long as the beneficiary requires skilled care for the services to be safely and effectively provided.
>
>> Skilled therapy services are covered when an individualized assessment of the patient's clinical condition demonstrates that the specialized judgment, knowledge, and skills of a qualified therapist ("skilled care") are necessary for the performance of a safe and effective maintenance program. Such a maintenance program to maintain the patient's current condition or to prevent or slow further deterioration is covered so long as the beneficiary requires skilled care for the safe and effective performance of the program.
>
> The *Jimmo* Settlement Agreement may reflect a change in practice for those providers, adjudicators, and contractors who may have erroneously believed that the Medicare program covers nursing and therapy services under these benefits only when a beneficiary is expected to improve. The *Jimmo* Settlement Agreement is consistent with Medicare program's regulations governing maintenance nursing and therapy in skilled nursing facilities, home health services, and outpatient therapy (physical,

2

occupational, and speech) and nursing and therapy in inpatient
rehabilitation hospitals for beneficiaries who need the level of care that
such hospitals provide.

Defendant posted the Corrective Statement on a CMS webpage which is entitled "Jimmo Settlement." The Corrective Statement is presented as the primary content of the page under a hearing entitled "Important Message About the Jimmo Settlement." Defendant's "clarifying language" is set forth below the "Important Message" and is the only other narrative text contained on that webpage. Under the heading "Additional Information," Defendant's "clarifying language" states in relevant part:

> ... We note that the *Jimmo* Settlement Agreement does not represent an
> expansion of coverage, but rather, it provides clarifications that are
> intended to help ensure that claims are adjudicated accurately and
> appropriately in accordance with the existing Medicare policy. Similarly,
> the *Jimmo* Settlement Agreement does not alter or supersede any other
> applicable coverage requirements beyond those involving the need for
> skilled care, such as Medicare's overall requirement that covered services
> must be reasonable and necessary to diagnose or treat the beneficiary's
> condition, or existing statutory limitations on the amount or duration of
> Medicare benefits.

(Doc. 121-1 at 1.) Defendant concedes that "[i]n the case of the two disputed sentences, the information they convey is arguably presented in different form on the FAQ page that can be accessed by a link from the *Jimmo* webpage." (Doc. 124 at 11.)

Plaintiffs argue that the "Additional Information" violates the Corrective Action Plan Order and is intended to convey "that the Settlement Agreement changed nothing[.]" (Doc. 125 at 7.) Defendant counters that "nothing in the Corrective Action [Plan] Order prohibits CMS from including on the *Jimmo* webpage information in addition to what was required by the Court in its Order." *Id.* at 5. It further argues that the court generally lacks jurisdiction to dictate the contents of the CMS website. While both points are accurate, it would be a waste of party and judicial resources to have protracted proceedings and negotiations regarding the specific language of the Corrective Statement only to have it undermined by "clarifying" language. It also remains true that the court retains the authority to ensure compliance with its orders. *See Roberson v. Giuliani*, 346

3

F.3d 75, 83 (2d Cir. 2003) ("A court's responsibility to ensure that its orders are fair and lawful stamps an agreement that is made part of an order with judicial imprimatur, and the continuing jurisdiction involved in the court's inherent power to protect and effectuate its decrees entails judicial oversight of the agreement.") (quoting *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 282 (4th Cir. 2002)).

The Corrective Statement provides an "Important Message" that "the *Jimmo* Settlement Agreement required manual revisions to restate a 'maintenance coverage standard' for both skilled nursing and therapy services" and that "[t]he *Jimmo* Settlement Agreement may reflect a change in practice for those providers, adjudicators, and contractors who may have erroneously believe that the Medicare program covers nursing and therapy services under these benefits only when a beneficiary is expected to improve." (Doc. 121-1.) Defendant's "Additional Information" undercuts this message by stating that the *Jimmo* Settlement Agreement provides only "clarifications" to ensure that "claims are adjudicated accurately and appropriately in accordance with the existing Medicare policy." *Id.* It is unclear whether Defendant's reference to "the existing Medicare policy" refers to pre or post "maintenance coverage standard" provisions. It is undisputed, however, that the "maintenance coverage standard" is the product of the *Jimmo* Settlement Agreement and the Corrective Statement is intended to highlight that fact. Rather than clarifying, the "Additional Information" thus presents the risk of further confusion.

Defendant was afforded an opportunity to object to the Corrective Statement and propose certain changes to it. Defendant did not propose adding a section directly after the Corrective Statement entitled "Additional Information." While much of the "Additional Information" is unproblematic, a statement that appears to contradict the Corrective Statement's announcement of the new "maintenance coverage standard" violates the Corrective Action Plan Order. As a result, the following sentence must be stricken from Defendant's *Jimmo* webpage: "We note that the *Jimmo* Settlement Agreement does not represent an expansion of coverage, but rather, it provides

4

clarifications that are intended to help ensure that claims are adjudicated accurately and appropriately in accordance with the existing Medicare policy."

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of November, 2017.

Christina Reiss, Chief Judge
United States District Court